UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA M. CARDOSO,
    **Plaintiff**

    v.                                                                                           Case No.

**THE LAW OFFICES OF OMAR F.
MEDINA, PROFESSIONAL
ASSOCIATION and OMAR F.
MEDINA, JR.,**
    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ana M. Cardoso ("Plaintiff") hereby sues Defendants The Law Offices of Omar F. Medina, Professional Association and Omar F. Medina, Jr., (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation and liquidated damages owed to Plaintiff.

2. During the two years prior to the filing of this action ("Liability Period"), Defendants had a policy and practice of requiring or permitting employees to work in excess of forty (40) hours in each workweek without paying them time and one half their regular rate as required by the FLSA.

3. Pursuant to the FLSA, Plaintiff seeks overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §216 and 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1331(b), as the events or omissions giving rise to the claims alleged herein occurred in Hillsborough County, Florida.

**PARTIES**

6. Plaintiff was and is a resident of Pinellas County, Florida.

7. Defendant The Law Offices of Omar F. Medina, Professional Association was and is a Florida professional association conducting business in Hillsborough County, Florida and subject to the requirements of the FLSA.

8. Defendant Omar F. Medina, Jr., was and is a corporate officer of The Law Offices of Omar F. Medina, Professional Association

9. Defendant Omar F. Medina, Jr., acted directly or indirectly in the interests of The Law Offices of Omar F. Medina, Professional Association in relation to Plaintiff.

10. Defendant Omar F. Medina, Jr., had operational control of The Law Offices of Omar F. Medina, Professional Association.

11. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. §203(e)(1), Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. §203(a) and (d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. §203(g).

## GENERAL ALLEGATIONS

12. Plaintiff was employed by Defendants during the Liability Period to work in a clerical position.

13. Defendants had at least two employees.

14. Defendants do at least $500,000 a year in business.

15. Plaintiff was engaged in interstate commerce or in the production of goods for commerce.

16. Plaintiff performed duties such that she did not satisfy the requirements for any of the exemptions set forth in the FLSA.

17. On occasion Plaintiff worked in excess of forty (40) hours in a workweek while employed by Defendants.

18. Despite working in excess of forty (40) hours in a workweek, Plaintiff did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

19. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

20. Although not required, as a matter of professional courtesy Plaintiff and her counsel have made pre-suit demands for payment from Defendants and received no offer from Defendants to resolve this matter without filing suit.

21. Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA

22. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully restated herein.

23. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

24. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff,

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e. award all other relief as the Court deems just and appropriate.

Respectfully submitted:

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@ksblaw.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@ksblaw.com
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff